UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Linda Dore | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14-6515 |
| vs. | ) |
| | ) |
| Five Lakes Agency, Inc. | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, Violations of the Telephone Consumer Protection Act provided for by 47 USC §227, Violations of the Automatic Stay, provided for by Section 362 of Title 11 and the Discharge Injunction, provided for by Section 524 of Title 11.**

**NOW COMES** the above-named Plaintiff, individual consumer, by and through her attorney, Thomas W. Toolis of Jahnke, Sullivan & Toolis, LLC, and respectfully brings before the Court an action for actual and statutory damages against Defendant Five Lakes Agency, Inc., in violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, in violation of 11 USC §105 & 524 providing an injunction against collection after discharge of the Debtor and Violations of the Telephone Consumer Protection Act provided for by 47 USC § 227.

**I.  JURISDICTION**

1. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and

matters arising out of the administration of bankruptcy case number 10-49133, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject-matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. This Court has jurisdiction for the Fair Debt Collection Practice Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994). The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

6. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor. Punitive damages may also be awarded as a sanction against a creditor for violating §524. *In re Cherry, Bankruptcy E.D. Va. 2000, 247 BR 176.*

7. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

8. 11 USC §105(A) of the United States Bankruptcy Code states that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title. Congress provided a remedy for violation of the discharge injunction through a court's inherent contempt power. *Bessette v. AVCO Financial Services, Inc.* D.R.I 1999, 240 B.R. 147.

## II. PARTIES

9. Plaintiff, Linda Dore, is a natural person residing in the Village of Tinley Park, County of Cook, and State of Illinois.

10. Defendant, Five Lakes Agency, Inc., is a Michigan corporation authorized to do business in Illinois. Upon information and belief, Defendant is engaged in the business of collecting on defaulted mortgages in this state with its principal place of business located at 901 Tower Drive, Ste. A250, Troy, Michigan 48098.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

## III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

12. On November 1, 2010, Plaintiff filed a Chapter 7 proceeding (Case No. 10-49133) in the United States Bankruptcy Court for the Northern District of Illinois. *See Exhibit A.*

13. On April 4, 2011, Plaintiff obtained a Discharge in the above-referenced matter. *See Exhibit B.*

14. Five Lakes Agency, Inc. sent numerous letters to the Plaintiff in an attempt to collect the now discharged debt.

15. Upon Information and Belief, each time Defendant sent the Plaintiff a Collection Letter as described above, they also reported the same information, including past due amounts and length of time that Plaintiff's Account has been in default, to the major credit bureaus.

16. Defendant placed numerous phone calls to the Plaintiff's cellular phone in an attempt to collect the now discharged debt and induced her to make payments in excess of $3,000.00 as follows:

   a. Payment of $200.00 on February 8, 2013;

   b. Payment of $200.00 on March 4, 2013;

   c. Payment of $200.00 on April 23, 2013;

   d. Payment of $200.00 on May 2, 2013;

   e. Payment of $200.00 on June 5, 2013;

   f. Payment of $200.00 on July 2, 2013;

   g. Payment of $200.00 on August 29, 2013;

   h. Payment of $200.00 on September 11, 2013;

   i. Payment of $200.00 on October 30, 2013;

   j. Payment of $200.00 on November 27, 2013;

   k. Payment of $200.00 on January 2, 2014;

   l. Payment of $200.00 on January 20, 2014;

   m. Payment of $200.00 on March 18, 2014;

   n. Payment of $200.00 on March 31, 2014; and

   o. Payment of $200.00 on May 5, 2014.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress and grief, as well as actual damages.

### IV. CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 et seq.

18. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

19. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Five Lakes Agency, Inc., at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

20. Under U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

21. Defendant, Five Lakes Agency, Inc. willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

22. Plaintiff is entitled to injunctive relief prohibiting Five Lakes Agency, Inc., from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

### V. CLAIM FOR RELIEF – FDCPA

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the FDCPA. Defendants violations include, but are not limited to, the following:

   a. Communicating with Plaintiff with knowledge that Plaintiff was represented by counsel, or, in the alternative, communicating with Plaintiff when Defendant

could have readily ascertained the identity and address of the undersigned counsel; § 1692(c)(b), and

b. Alleging that the discharged debt was due when Five Lakes Agency, Inc., knew or should have known that the Plaintiff had no further obligation to pay the debt. 1692(a), (e)(6) & (e)(10).

c. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION

25. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

26. Defendant is liable to the Plaintiffs for violation of the discharge injunction pursuant to 11 USC 524(a)(2) for the following actions:

a. Collection letters to the debtors residence; and

b. Phone calls to the Debtor's cellular phone.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, Five Lakes Agency, Inc., for the following:

A. That this Court impose sanctions against the Defendant, Five Lakes Agency, Inc., for violating Section 524(a)(2) of Title 11 of the United States Code by ordering the Defendants to pay monetary damages to the Plaintiff in excess of the sum of $5,000;

B. That this Court order the Defendant named herein to pay all legal fees and expenses incurred by counsel for the Plaintiff, said fees to be calculated at the rate of $450.00 per hour, but in no event to be less than $3,500.00;

C. That, in the alternative, this Court hold the Defendants in civil contempt for violating the Order for Relief duly entered in the Plaintiff's Bankruptcy case and impose damages including, but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

D. That this Court order the Defendants to pay additional actual damages and statutory damages of $1,000.00 to Plaintiff for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

E. That this Court enter an award of statutory damages of $500.00 per phone call pursuant to 47 U.S.C. §227(b)(3)(B) against Defendant Five Lakes Agency, Inc., and for Plaintiff;

F. That this Court enter an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Five Lakes Agency, Inc., and for Plaintiff;

G. That this Court enter an injunction prohibiting Defendant Five Lakes Agency, Inc., from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

H. Any other or further relief that this court deems just.

## JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Respectfully Submitted,

/s/ Thomas W. Toolis
Thomas W. Toolis

6270743
Thomas W. Toolis
Attorney for Plaintiffs
Jahnke, Sullivan & Toolis, LLC.
10075 W. Lincoln Hwy.
Frankfort, Illinois 60423
708-349-9333